UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADVISERS ALPHA LLC and INVESTMENT GRADE TECHNOLOGIES LLC d/b/a ORANJ,<br><br>        Plaintiffs,<br><br>  v.<br><br>DAMON DERU, TRADEWARRIOR, INC., DARREN COLLINS, JANSON EVANS, and PATRICK KEEL,<br><br>        Defendants. | Case No. 1:18-cv-03515<br><br>Honorable John Z. Lee |
| TRADEWARRIOR, INC, DAMON DERU, PATRICK KEEL, JANSON EVANS, and DARREN COLLINS,<br><br>        Counterclaim Plaintiffs,<br><br>  v.<br><br>INVESTMENT GRADE TECHNOLOGIES, LLC d/b/a ORANJ, ADVISERS ALPHA, LLC, DAVID LYON, PERRY MOUTZOUROS,<br><br>        Counterclaim Defendants. | |

**DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL**

Pursuant to Federal Rule of Civil Procedure 7, N.D. Ill. L.Rs. 5.4, 83.14 and 83.50, and Rules of Professional Conduct (the "Rules") 1.7, 1.9, 1.10 and 1.13,[1] Counterclaim Plaintiffs and Defendants TradeWarrior, Inc. ("TW"), Damon Deru ("Deru"), Patrick Keel, Janson Evans and

---

[1] N.D. Ill. L.R. 83.50 generally adopts the American Bar Association ("ABA") Model Rules, but to the extent the Model Rules are different from the Illinois Rules of Professional Conduct, the Illinois Rules of Professional Conduct apply to attorneys admitted to practice in Illinois. Where Plaintiffs' lead counsel are located in Pennsylvania, the Pennsylvania Rules of Professional Conduct also apply.

Darren Collins (collectively, "Defendants" for purposes of this motion), by and through counsel, respectfully move to disqualify Reed Smith, LLP ("Reed Smith") as counsel for Advisers Alpha, LLC ("AA"), Investment Grade Technologies, LLC d/b/a Oranj ("IGT"), David Lyon ("Lyon") and Perry Moutzouros ("Moutzouros") (collectively, "Plaintiffs" for purposes of this motion).

By the instant motion, Defendants seek an order disqualifying Reed Smith from representing any of the Plaintiffs in the above-captioned action. This motion is supported by the Court's inherent authority in concert with both the Illinois Rules of Professional Conduct and the ABA's Model Rules 1.7, 1.9, 1.10 and 1.13. Specifically, the interests of AA, on the one hand, and IGT, Lyon and Moutzouros, on the other hand, are directly adverse and/or there is a significant risk that simultaneous representation of IGT, Lyon and Moutzouros will materially limit Reed Smith's duties of undivided loyalty and fidelity to AA. Indeed, such simultaneous representation has already limited Reed Smith's role as counsel for AA.

AA is owned by TW (49%) and IGT (51%) and Deru and Lyon are the joint managers of AA. As counsel for AA, Reed Smith represents (or should represent) the interests of AA, not its members, managers, or shareholders, and must act in all cases in the best interest of AA. Nevertheless, Lyon and Moutzouros, on behalf of themselves and IGT, have a history of mismanaging AA, misappropriating AA's revenues, clients, and corporate opportunities, and engaging in a host of other improper conduct to the detriment of AA. For example, after Lyon unilaterally hired Reed Smith to represent AA with respect to a variety of matters, including the preparation of revenue sharing agreements on behalf of AA, the preparation of customer contracts on behalf of AA, to provision of regulatory guidance to AA, the provision of tax and employment advice to AA, and to generally act as counsel for AA, Lyon specifically sought and obtained Reed Smith's advice to deceive TW and its shareholders in order to siphon off the revenues, assets and clients of AA and to ultimately eliminate AA altogether for Lyon and IGT's sole benefit. To this end, AA has significant claims against Lyon and IGT but Reed Smith has taken no action to protect AA's interests or bring such claims. And owing to Reed Smith's obligations of undivided loyalty to IGT, Lyon and Moutzouros, Reed Smith will not pursue AA's

rights and remedies. Accordingly, Reed Smith is in violation of its ethical and professional obligations to AA and must be disqualified from representing any of the Plaintiffs. In short, no attorney can simultaneously represent both AA, on the one hand, and IGT, Lyon and Moutzouros on the other.

DATED this 5th day of July 2018.

Respectfully Submitted,

By: */s/ James T. Burton*
James T. Burton (UT Bar No. 11875)*
Joshua S. Rupp (UT Bar No. 12647)*
**Kirton McConkie**
36 South State Street, Suite 1900
Salt Lake City, UT 84111
*Admitted *Pro Hac Vice*

Jennifer M. Kurcz (IL Bar No. 6279893)
John Sheldon Letchinger (IL Bar No. 6207361)
Suzanne M. Alton de Eraso (IL Bar No. 6317254)
**Baker & Hostetler LLP**
191 N. Upper Wacker Dr., Suite 3100
Chicago, IL 60606
*Attorneys for Defendants and Counterclaim Plaintiffs TradeWarrior, Inc., Damon Deru, Patrick Keel, Janson Evans and Darren Collins*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 5th day of July, 2018, I caused the foregoing **DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL** to be filed using the Court's electronic filing system which provides service to all counsel of record.

/s/ *James T. Burton*

4823-3048-1004